**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DARRIN LYNN PICKENS,** | ) |
|         **Petitioner,** | ) |
| vs. | )    Case No. 09-CV-361-JHP-PJC |
| **RANDALL WORKMAN, Warden,** | ) |
|         **Respondent.** | ) |

## OPINION AND ORDER

On June 9, 2009, Petitioner, a state inmate appearing *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). For the reasons discussed below, the Court finds the petition should be dismissed for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals. It is unnecessary to transfer this petition to the Tenth Circuit because the claims are barred by the one-year statute of limitations.

### *BACKGROUND*

Petitioner states that he challenges his convictions for robbery with firearm (Count 1), shooting with intent to kill (Count 2), assault with intent to kill (Count 3), and felony murder (Count 4), entered in Tulsa County District Court, Case No. CF-90-717. Petitioner is currently serving sentences of fifty (50) years imprisonment (Count 1), ninety-nine (99) year imprisonment (Count 2), ninety-nine (99) years imprisonment (Count 3), and life without the possibility of parole (Count 4). This is Petitioner's second petition for writ of habeas corpus filed in this federal district court challenging the same Tulsa County convictions.[1] This Court denied Petitioner's prior petition, N.D.

---

[1] Petitioner has another habeas corpus action presently pending in this Court, N.D. Okla. Case No. 06-CV-343-TCK-TLW. In that petition, Petitioner challenges his convictions entered in Creek County District Court, Case No. CF-90-66.

Okla. Case No. 96-CV-984-SEH. Petitioner appealed. The Tenth Circuit Court of Appeals affirmed this Court's denial of habeas relief from Petitioner's first degree murder conviction, but reversed the denial of habeas relief from Petitioner's death sentence and remanded to this Court to grant the writ, conditioned upon the state court's conducting a new sentencing trial or commuting Petitioner's sentence to life imprisonment or life imprisonment without parole. On September 4, 2001, in Tulsa County District Court, Case No. CF-90-717, Petitioner waived a jury trial as to resentencing and agreed to be sentenced to life without parole in exchange for the State's agreement to strike the bill of particulars. See Dkt. # 1. The sentence of life without parole was ordered to run consecutive to the sentences entered for Counts 1, 2, and 3. Once the state court satisfied the conditions imposed by this Court and the Tenth Circuit, the habeas corpus action in N.D. Okla. Case No. 96-CV-984-SEH, was dismissed without prejudice on December 13, 2001.

More than six (6) years later, on April 21, 2008, Petitioner filed an application for post-conviction relief. See Dkt. # 1, attachment. By order filed April 22, 2009, the state district court denied the requested relief. See Dkt. # 1, attachment. Petitioner did not file a post-conviction appeal because "the prison's computer system was down." See Dkt. # 1. Now, more than seven (7) years after the termination of his prior habeas corpus action, Petitioner again seeks habeas corpus relief on his convictions entered in Tulsa County District Court, Case No. CF-90-717.

### *ANALYSIS*

In light of the Court's consideration of Petitioner's prior petition for writ of habeas corpus, this is a second or successive petition. Under 28 U.S.C. § 2244(b)(1), a petitioner is required to obtain authorization from the circuit court of appeals before filing second or successive petition in district court. See Moore v. Schoeman, 288 F.3d 1231, 1236 (10th Cir. 2002). Petitioner in this case

did not comply with the provisions of § 2244(b) and filed his petition without obtaining prior authorization from the Tenth Circuit. As a result, this Court lacks jurisdiction to address the merits of the claims asserted in the second or successive petition. United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006).

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

After reviewing the procedural history of this matter and Petitioner's claims, the Court finds that the petition is time-barred and that, as a result, it would be a waste of judicial resources to transfer the petition. As his first ground of error, Petitioner alleges that he received ineffective assistance of counsel at trial and on appeal. He simply claims that his attorney "had full knowledge

of the issues and should have raised them." See Dkt. # 1. As his second ground of error, Petitioner claims that "the trial court committed fundamental error by allowing Petitioner to stand trial on two unrelated crimes." Id. As his third and final ground of error, Petitioner complains that his "statements were admitted in violation of [his] constitutional rights." Id. None of Petitioner's claims is based on new evidence or an intervening change in law. Each of Petitioner's claims relates to his trial or his direct appeal. Those claims are clearly time barred.[2]

Nothing suggests that Petitioner is entitled to either statutory or equitable tolling of the one-year limitations period. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller, 141 F.3d at 978. Petitioner has not demonstrated that

---

[2] Petitioner's sentence, as modified, became final on September 14, 2001, after he failed to file a motion to withdraw plea or otherwise appeal the results of the resentencing proceeding. He had to file a new habeas action raising any claim arising from resentencing within one year, or on or before September 14, 2002. Furthermore, the claims raised in the instant petition relate to Petitioner's original trial and direct appeal proceedings, rather to his resentencing. Because Petitioner's convictions became final before enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), those claims had to be filed on or before April 24, 1997, or one-year after enactment of the AEDPA. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). In addition, Petitioner is not entitled to tolling of the limitations period during the pendency of his post-conviction proceeding because that action was commenced long after the expiration of the one-year period. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (stating that a collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations). Thus, the claims raised in the instant petition, filed June 9, 2009, are untimely.

he pursued his claims with reasonable diligence. For that reason, he is not entitled to equitable tolling.

Because the claims asserted in this successive petition for writ of habeas corpus are time-barred, the Court finds it would be a waste of judicial resources to transfer this matter to the Tenth Circuit for authorization. Therefore, the petition shall be dismissed.

**ACCORDINGLY IT IS HEREBY ORDERED that** the petition for writ of habeas corpus is **dismissed** for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals. This is a final Order terminating this action.

DATED THIS 20th day of July 2009.

James H. Payne
United States District Judge
Northern District of Oklahoma